**C. Dale HARMAN, Appellant,**

**v.**

**Esther Harman PAULEY, Vera Harman Tomlinson, Margaret Benton Harman, Joann Harman, Gail Harman Williams, and Helen Harman Kidwell, Appellees.**

**No. 81–1370.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 2, 1981.

Decided Jan. 19, 1982.

Arthur P. Strickland, Roanoke, Va. (Mundy & Strickland, Roanoke, Va., Edward M. Payne, III, Beckley, W. Va., on brief), for appellant.

Jerry K. Jebo, Radford, Va. (Jebo & Rosenthal, Radford, Va., on brief), for appellee.

Before MURNAGHAN, SPROUSE and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

This is an appeal from the district court's refusal to vacate its final judgment under F.R.Civ.P. 60(b)(6) for violation of a settlement agreement. Because we believe the district court did not abuse its discretion, we affirm that court's order denying the Rule 60(b)(6) motion.

## I.

On July 15, 1977, Dale Harman, a practicing attorney, filed suit in federal court against Esther Harman Pauley and five of his other cousins alleging that they had individually and as part of a conspiracy sought to injure his reputation by falsely accusing him of fraud, conversion, and breach of fiduciary duties. Dale Harman further alleged that the defendants had initiated a suit against him in the name of their aunt, Perle T. Harman, while she was mentally and physically incapacitated, in which they falsely alleged that he had fraudulently procured certain coal stocks and personality from Perle T. Harman. After limited discovery, the parties entered into a "Release in Full and Covenant Not to Sue." The release stated that both parties would dismiss their pending lawsuits and not reinstate their suits or prosecute any other suit against the other party arising out of the transactions in question. It included a release from claims related to and arising from the prior transfer to Dale Harman of certain stock in three named coal companies, "together with certain personal property given by Perle T. Harman" to Dale Harman. The release also provided for attorneys fees and expenses to be awarded if necessary to enforce the agreement. On March 10, 1978, the court dismissed Harman's suit with prejudice based on this agreement.

In the spring of 1979 Harman filed a claim with the Commissioner of Accounts in Mercer County, West Virginia, to recover stocks and personal property which apparently were part of the settlement agreement, but which had remained part of Perle T. Harman's estate. Upon receiving notice from the Commissioner, Esther H. Pauley submitted a claim to the personal property that Harman had claimed. Alleging that Esther H. Pauley was violating the settlement agreement by attempting to obtain the same personal property referred to in the settlement agreement, Harman moved the district court pursuant to F.R.Civ.P. 60(b)(6) to vacate the March 10, 1978 order so that he could proceed to enforce the agreement. Pauley filed a response in opposition asserting, *inter alia*, that she had not violated the settlement agreement, that if there had been a violation Harman's remedy was a separate action to enforce the agreement, and that the other defendants in the suit had not received notice of his Rule 60(b)(6) motion.

At that time, Harman had in fact filed a separate action against Pauley individually alleging that she had breached the settlement agreement by attempting to claim the personalty referred to in the settlement agreement, and making other allegations not relevant here. That action is still pending in federal court.

After considering arguments from both sides, the district court denied Harman's motion to vacate its prior order. It is from this ruling that Harman appeals.

## II.

F.R.Civ.P. 60(b)(6) allows a district court to vacate its own final judgment "for any other reason obviously justifying relief from the operation of the judgment." The rule gives the court such authority to accomplish justice and leaves such determinations to its discretion. We must affirm the district court, therefore, unless we find that the court abused its discretion. *See* C. Wright and A. Miller, *Federal Practice and Procedure* § 2864 (1973).

■ Basically, Harman contends that the district court abused its discretion because it "has a duty to vacate its dismissal order when settlement terms are violated." This court, however, has stated clearly that when a settlement agreement has been breached two remedies are available—a suit to enforce the agreement or a Rule 60(b)(6) motion to vacate the prior dismissal. *Fairfax Countywide Citizens Assoc. v. County of Fairfax*, 571 F.2d 1299 (4th Cir. 1978). In this case, Harman seeks to pursue both avenues.

Harman does cite authority holding that when one party repudiates a settlement agreement, the district court has a duty to vacate its prior judgment under Rule 60(b)(6) and proceed to enforce the agreement when justice requires. In *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368 (6th Cir. 1976), two companies had settled a claim of patent infringement and a counterclaim through the issuance of a license. The suit was dismissed voluntarily, but when the licensee subsequently refused to make royalty payments, the licensor moved to have the district court vacate its order of dismissal and enjoin the licensee from future nonpayment. The district court granted the motion. The sixth circuit, in affirming the district court, stated that "the court below had not only the inherent power but, when required in the interests of justice, the duty to enforce the agreement which had settled the dispute pending before it." *Id.* at 1371.

■ Harman appears to misread the dictum in *Aro*. The sixth circuit clearly states in that case that a district court has a duty to vacate a prior order of dismissal *when*

*required in the interests of justice*, not *whenever* a settlement agreement has been breached. *Aro*, therefore, simply stands for the general rule that when considering a Rule 60(b)(6) motion, the trial judge should use his discretion to determine if the granting of such motion would further justice.[1]

In denying Harman's motion, the district court pointed to the following facts:

1) that Harman alleges breach of the agreement by only one of the defendants in the suit that was dismissed;

2) that Harman has already filed another lawsuit against Esther Pauley individually seeking, *inter alia*, the same relief he seeks by way of the Rule 60(b)(6) motion;

3) that the settlement was fair and equitable; and

4) that Harman is an attorney and understood the dismissal of his previous case with prejudice.

Under these circumstances the district court balanced the interest of granting a Rule 60(b)(6) motion to accomplish justice against the interest of finality of litigation. Largely because Harman could obtain the same relief sought by way of his Rule 60(b)(6) motion through the lawsuit against Pauley which he has already filed, the district court concluded that Harman's rights would not be prejudiced by denial of his motion. Thus, the court specifically found that "An Action to enforce the settlement of the earlier suits is more appropriate here than an attempt to re-open the dismissed suits."[2]

■ We agree with the district court that under these circumstances the interests

1. Harman likewise reads too broadly the other two cases he cites. In *Kelly v. Greer*, 334 F.2d 434 (3d Cir. 1964), the third circuit reversed a district court's decision that it did not have jurisdiction to vacate its previous dismissal order and enforce the settlement agreement that allegedly had been breached. In holding that the district court had such jurisdiction, the court focused on the court's authority to grant the Rule 60(b)(6) motion, not whether the decision to exercise or not to exercise such authority would be an abuse of the trial judge's discretion. At no point did the third circuit hold that in these situations the court has a *duty* to grant the Rule 60(b)(6) motion. The last case on

which Harman relies, *McGoff v. Rapone*, 78 F.R.D. 8 (E.D.Pa.1978), simply quotes the language of *Aro* discussed above and endorses the sixth circuit's position. The cases Harman cites, therefore, simply do not support the broad rule he urges this court to adopt.

2. The court also noted that it would not have jurisdiction to enforce a settlement agreement unless the agreement was approved or read into the order of dismissal, or unless there exists some independent basis for jurisdiction at the time of enforcement. *Fairfax Countywide Citizens v. Fairfax County*, 571 F.2d 1299, 1303 (4th Cir. 1978). Since the court clearly

of justice do not require vacation of its dismissal order. The relief Harman seeks is the same he is pursuing in his separate pending action against Esther Pauley individually. We see no reason to reopen the earlier suit in which five other defendants are named when Harman alleges violation of the settlement agreement by Pauley alone and when all remedies available to him through a Rule 60(b)(6) reinstatement are available to him in his separate action. Although Harman asserts that his suit against Pauley individually contains allegations in addition to breach of the settlement agreement, he has failed to state any reason why he cannot obtain all relief to which he is entitled in that suit.[3]

The order of the district court, therefore, is

AFFIRMED.

---

had jurisdiction to consider whether to vacate its prior dismissal, see id. at 1302–03, and did not abuse its discretion in refusing to vacate its order, it is not necessary to reach the question whether the court would have had jurisdiction to enforce the settlement agreement in this case.

3. Pauley has requested that she be awarded costs and attorneys fees according to Rule 38 and 39 of the Federal Rules of Appellate Proce-

dure. Because the judgment is affirmed, costs, which are normally taxed against the appellant under Rule 39, will, accordingly, be taxed to Harman. This court, however, does not find that the appeal was frivolous and, therefore, declines to award delay damages or costs pursuant to Rule 38. Any attorneys fees recoverable for violation of the settlement agreement may be awarded at the appropriate time.