**Alfred J. VINCENT, M.D., Appellant**

v.

**REYNOLDS MEMORIAL HOSPITAL, INC., Andrew J. Barger, M.D., Kenneth J. Allen, M.D., Norman E. Wood, D.O., Appellees.**

No. 81–1513.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 10, 1983.

Decided Feb. 21, 1984.

Fred D. Clark, Charleston, W.Va., (Alfred James Vincent, M.D., pro se on brief), for appellant.

Jeremy C. McCamic, Wheeling, W.Va. (McCamic & McCamic, Wheeling, W.Va., John T. Madden, Madden & Whorton, L.C., Moundsville, W.Va., on brief), for appellees.

Before WIDENER, HALL and FAIRCHILD *, Circuit Judges.

PER CURIAM:

By order of May 9, 1983, we held this appeal in abeyance pending a decision by the West Virginia Supreme Court of Appeals on the validity of the parties' settlement agreement. Because that court has now let stand the state circuit court decision invalidating the settlement agreement,

---

* Honorable Thomas E. Fairchild, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

we proceed to the merits of this appeal and vacate the district court's order denying appellant Dr. Alfred Vincent relief from judgment.

Vincent originally brought this action in 1975 against the hospital and others for relief from his removal from the hospital's staff. The parties entered into a settlement agreement on November 16, 1977, which was the basis for the district court's order of December 5, 1977, dismissing the action. On July 30, 1980, a West Virginia state circuit court held the settlement agreement void as against public policy. *Reynolds Memorial Hospital, Inc. v. Vincent,* Civ. No. 79–C–194N (Marshall Co.Cir. Ct., W.Va., July 30, 1980). The district court thereafter denied Vincent's motion for relief from the dismissal judgment on April 14, 1981, and this appeal followed. Subsequent to the district court order denying relief, another state circuit judge of the same court also decided that the agreement was invalid (apparently on reconsideration of the same cases), *Reynolds Memorial Hospital, Inc. v. Vincent,* Civ.No. 79–C–194N (Marshall Co.Cir.Ct., W.Va., April 5, 1982). The Supreme Court of Appeals of West Virginia then granted an appeal to the April 5, 1982, decision of the Circuit Court of Marshall County, and we held this appeal in abeyance. Since then the Supreme Court of Appeals of West Virginia has dismissed Vincent's state appeal as improvidently granted, *Reynolds Memorial Hospital, Inc. v. Vincent,* No. 15815 (W.Va. June 14, 1983), and denied Vincent's motion for reconsideration on November 1, 1983. The state circuit court decisions invalidating the settlement agreement as against public policy therefore stand.

Vincent claims that the district court erred in not granting his motion to vacate the December 1977 judgment of dismissal once the settlement agreement was found to be invalid. He claims that under Fed.R. Civ.P. 60(b)(6) there was "other reason justifying relief from the operation of the judgment." We are bound to affirm the district court unless it abused its discretion in denying relief. *Harman v. Pauley,* 678 F.2d 479, 480 (4th Cir.1982). In *Harman* this court examined the usual issue that arises when judgments are based on settlement agreements, breach of the agreement, and found that relief from judgment under Rule 60(b)(6) was not required because enforcement of the agreement was an available remedy. *See id.* at 481–82. That remedy is not available to Vincent, however, and his only available remedy is relief from judgment. Moreover, the district court's continuing assumption of the validity of the settlement agreement in denying such relief is an error of law and not a matter of discretion. The appellant should be granted relief under Rule 60(b)(6).

The judgment of the district court denying relief from its order of December 5, 1977, is vacated and the case remanded with instructions that the district court vacate its said order of December 5, 1977, and consider the case as if that order had not been entered.[1,2]

We express no opinion on the merits of the case.

VACATED AND REMANDED WITH INSTRUCTIONS.

---

**1.** Appellant's presently pending motions in this court are moot and are not decided.

**2.** We have this same date in an unpublished per curiam opinion, *Vincent v. Reynolds Memorial Hospital, Inc., et al.,* No. 83–1367, an appeal from another aspect of this same case in the district court, affirmed the district court's refusal to stay the proceeding in the West Virginia state courts in *Reynolds Memorial Hospital, Inc. v. Vincent,* No. 79–C–194–N (Cir.Ct. of Marshall County). In so affirming, a part of our holding was that any claim that the West Virginia courts were without jurisdiction to decide the validity of the underlying settlement agreement was patently without merit.