**William E. BROCK, Secretary of Labor United States Department of Labor, Appellee,**

v.

**EXECUTIVE TOWERS, INC., a corp. trading and d/b/a Adam and Eve Bookstore and Pleasure Island Bookstore, and Jules Inc., a corp. trading and d/b/a the Outhouse Inn and Jules Solsky individually and as a responsible corporate officer of each of the corporate defendants, Appellants.**

No. 85–1815.

United States Court of Appeals, Fourth Circuit.

Submitted Feb. 3, 1986.

Decided June 4, 1986.

(Robert P. Martin, Lewis, Ciccarello & Friedberg, Charleston, W.Va., on brief), for appellants.

(George R. Salem, Deputy Solicitor of Labor, Monica Gallagher, Associate Solicitor, Linda Jan S. Pack, Counsel for Appellate Litigation, Patricia Duryee, U.S. Dept. of Labor, Washington, D.C., on brief), for appellee.

Before RUSSELL and PHILLIPS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

PER CURIAM:

Executive Towers, Inc., Jules Inc., and Jules Solsky, the defendants, appeal from the entry of judgment in favor of Raymond J. Donovan, the Secretary of Labor and the plaintiff. The judgment awarded the Secretary a recovery of unpaid minimum wages on behalf of certain employees of the defendants, and enjoined the defendants from violating the Fair Labor Standards Act's minimum wage, overtime and record-keeping provisions.[1]  Seeking a re-

---

1. The Secretary recovered the unpaid minimum wages for the defendants' violations of 29 U.S.C. § 206, and the Fair Labor Standards Act's mini-mum wage, overtime and recordkeeping requirements appear at 29 U.S.C. §§ 206, 207 and 211(c).

versal of the district court's decision, the defendants argue that the Fair Labor Standards Act ("FLSA") does not apply, because their operations do not constitute an enterprise with more than $250,000 in annual gross sales.[2]

The central tenet of the district court's decision was that Executive Towers Inc. and Jules Inc. were so closely related that the FLSA required treating them as one enterprise for the purpose of determining whether they met the jurisdictional requirement of $250,000 in gross annual sales. *See* 29 U.S.C. § 203(s). 29 U.S.C. § 203(r) defines an enterprise as "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units...." Accordingly, to prevail, the Secretary had to show that Jules Inc. and Executive Towers performed related activities through unified operation or common control for a common business purpose. There is little question that there was common control, because Jules Solsky was the majority shareholder of both corporations and the evidence indicated that he directed the daily operations of each. The defendants, however, argue that the companies did not perform related activities for a common purpose.

█ The undisputed evidence before the district court revealed that Jules Inc. owns several rental properties on one block of Capitol Street in Charleston, West Virginia.

Jules Inc. also operates the Outhouse Inn, a bar featuring go-go dancers and nude and semi-nude entertainment, in one of these properties and rents another to Executive Towers for the operation of an adult bookstore called Pleasure Island Bookstore. Executive Towers operates Pleasure Island Bookstore and operated on the same block of Capitol Street another adult bookstore, which closed in 1981, called the Adam and Eve Bookstore. Jules Inc. also operates at least two parking lots on the block. One parking lot provides parking for patrons of Pleasure Island Bookstore, and the other originally provided parking for the Outhouse Inn but Jules Inc. now rents it out in the form of individual spaces.

The regulations promulgated by the Secretary of Labor and the Senate Report discussing the 1961 amendment of section 203(r) indicate that retail selling, even involving different goods at different locations, constitutes "related activity" if the retailing is for a common purpose. 29 C.F.R. § 779.207 (1985).[3] In this case, Jules Solsky, through his control of the two companies, is selling liquor at the Outhouse Inn and adult books at Pleasure Island Bookstore and sold adult books at the Adam and Eve Bookstore. The Executive Towers bookstores and the Outhouse Inn, moreover, have used certain employees interchangeably and employ a single recordkeeper, and with their close locations the sexual entertainment at each presumably has supported the others. Consequently, the activities of the bookstores and the bar involve coordinated retailing with the com-

---

**2.** The Secretary makes a persuasive argument that this court can only review on appeal the district court's denial of the defendants' motion requesting the district court to reconsider judgment. The Secretary then argues that the district court's denial of that motion is subject to reversal only if the district court abused its discretion. *See Harman v. Pauley,* 678 F.2d 479 (4th Cir.1982). Finding as we do that the district court committed no error, we need not address the question of the correct standard of review.

**3.** "Similarly it is clear that all activities of a department store are 'related activities,' even if the store sells a great variety of different

types of goods and services and even if, as in some cases, the departmentalized business is conducted in more than one location, as where the department selling garden supplies or electrical appliances is located on separate premises. Whether on the same premises or at separate locations, the activities involved in retail selling of goods or services, of any type, are related activities and they will be considered one enterprise where they are performed, through unified operation or common control, for a common business purpose."

29 C.F.R. § 779.207 (1985).

mon purpose of providing erotic entertainment. *See* 29 C.F.R. § 779.213 (1985). Accordingly, the three requirements of section 203(r) are present, and the district court was correct in ruling that the two companies constituted a single enterprise.

After the district court correctly found that the two companies constituted an enterprise then it also correctly found that the enterprise had gross sales of over $250,000 in the years in question, 1979–1984. It might be argued that Jules Inc.'s real estate rentals were not a related activity so that the proceeds from those rentals should not count toward the jurisdictional threshold. *See* 29 C.F.R. § 779.211 (1985). Even excluding the values of those rentals, however, the enterprise easily meets the jurisdictional amount through the sales of the Outhouse Inn and the bookstores alone. Furthermore, all of the employees represented by this action worked for either the bookstores or the Outhouse Inn, and the evidence indicated that Mr. Solsky himself largely handled the real estate business. Consequently, all of the employees in this action were employed by the retail enterprise and that is all that the FLSA requires for protection. *Hodgson v. Travis Edwards Inc.*, 465 F.2d 1050, 1052 (5th Cir.), *cert. denied,* 409 U.S. 1076, 93 S.Ct. 685, 34 L.Ed.2d 665 (1972). Finally, the defendants also argue by analogy that the proceeds from its movie machine "peep shows" at Pleasure Island Bookstore should be exempt from the Act just as movie theatres were once exempt. *See* 29 C.F.R. § 779.-301(b)(1)(ii) (1985). Congress has removed the exemption for movie theatres, 29 C.F.R. § 779.301(b)–(c) (1985), however, and so this argument must fail. Accordingly, the judgment of the district court is

AFFIRMED.