826 F.2d 1060
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Manuel PIRES, individually and as Guardian ad litem for
Matthew Pires, infant child; Fern Pires, his wife,
Plaintiffs-Appellants,
v.
Paul NELSON; David Pryor, Defendants-Appellees.
 No. 86-2623
 United States Court of Appeals, Fourth Circuit.
 Submitted March 10, 1987.
Decided Aug. 14, 1987.
 
 G. Michael Price, Jett, Agelasto, Berkley & Price, on brief, for appellants.
 T. Jeffrey Salb, Allen W. Beasley, Breeden, MacMillan & Green, and John G. Crandley, Preston, Wilson & Crandley, on brief, for appellees.
 Before RUSSELL, ERVIN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Manuel Pires, individually and as guardian ad litem for his son Matthew, and Fern Pires, Manuel's wife, appeal from the district court's denial of their motion for reconsideration under Fed. R. Civ. P. 60(b)(1). We affirm, finding no abuse of discretion in the district court's denial of the motion.
 
 
 2
 The Pireses, residents of New Jersey, originally filed this personal injury action on October 31, 1985, against Paul Nelson and David Pryor, both Virginia residents, in the United States District Court for the District of New Jersey, at Trenton. The action thereafter was transferred to the United States District Court for the Eastern District of Virginia, at Norfolk, on May 2, 1986.
 
 
 3
 Defendant Pryor moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(2) on June 5, 1986, and filed a supporting memorandum on June 18, 1986.
 
 
 4
 Also on June 18, 1986, the district court dismissed the action, with prejudice, for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).
 
 
 5
 On September 26, 1986, more than three months after the district court's judgment of dismissal, the Pireses filed a motion for relief of the district court's June 18 judgment pursuant to Fed. R. Civ. P. 60(b)(1). As grounds for the Rule 60(b)(1) motion, the Pireses cited their New Jersey attorney's lack of familiarity with the Federal Rules of Civil Procedure. The district court denied the motion by order entered on September 29. This timely appeal of the September 29 order followed.
 
 
 6
 The Pireses did not comply with Fed. R. Civ. P. 59(e), which requires the filing of a motion to amend within ten days of the final judgment, nor with Fed. R. App. P. 4(a)(1), which requires the filing of a notice of appeal within thirty days of the final judgment. Thus, no aspect of the underlying judgment is before this Court.
 
 
 7
 The Pireses' motion was timely only under Fed. R. Civ. P. 60(b), which provides for the filing of a motion for relief from the final judgment within one year of the entry of the final judgment. As a Rule 60(b) motion does not toll the time for a direct appeal, the Pireses' notice of appeal was timely only as to the denial of this motion. See United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982).
 
 
 8
 When considering the denial of a motion for reconsideration pursuant to Rule 60(b), this Court's standard of review is whether the district court abused its discretion. See Transportation, Inc. v. Mayflower Services, 769 F.2d 952, 954 (4th Cir. 1985) (citing Harman v. Pauley, 678 F.2d 479, 480 (4th Cir. 1982)). We conclude that the district court did not abuse its discretion in denying the Pireses' motion. The alleged failures of the Pireses' attorney do not constitute 'excusable neglect' under Rule 60(b) justifying relief from the judgment. See Universal Film Exchanges, Inc. v. Lust, 479 F.2d 573 (4th Cir. 1973).
 
 
 9
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 10
 AFFIRMED.