857 F.2d 1469
 12 Fed.R.Serv.3d 360
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leslie Moon PELZER, Plaintiff-Appellant,
v.
GEMCO WARE INC., A New York Corporation; Gemco Ware,
(U.K.), Ltd., An International Corporation; Kimble Division
of Owens-Illinois Corporation, a Corporation; Giant Food,
Inc., A Delaware Corporation, Defendants-Appellees.
 No. 88-2075.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 28, 1988.
Decided: Sept. 1, 1988.
 
 Stanley E. Baritz, for appellant.
 Dana Beth Rosenfeld and Benjamin Ford Davis (Whiteford, Taylor and Preston); David F. Albright (Semmes, Bowen and Semmes), for appellees.
 Before DONALD RUSSELL, SPROUSE, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Leslie Moon Pelzer appeals from the district court's denial of her motion to set aside its dismissal of her original complaint and to permit her to amend her complaint. The district judge dismissed the complaint because one of the parties sued by Pelzer was not diverse as required by 28 U.S.C. Sec. 1332(a). For the reasons stated below, we affirm.
 
 
 2
 * On May 14, 1987 Pelzer filed a complaint in the district court alleging that Gemco Ware, Inc. (Gemco Ware), Gemco Ware (U.K.), Ltd. (Gemco Ware U.K.), Kimble Division of Owens-Illinois Corporation (Kimble) and Giant Food, Inc. (Giant) were liable for injuries to her right leg. The injuries were allegedly caused when a glass tea kettle containing boiling water shattered. Jurisdiction was based upon diversity of citizenship of the parties pursuant to 28 U.S.C. Sec. 1332(a).
 
 
 3
 Kimble filed a motion to dismiss Pelzer's complaint pursuant to Fed.R.Civ.P. 12. Kimble contended that the district court lacked subject matter jurisdiction because there was not complete diversity between the parties. Kimble argued that Giant had its principal place of business in the state of Maryland and, like Pelzer, is a citizen of Maryland.
 
 
 4
 Pelzer opposed the motion. She argued that there was diversity because Giant was in fact a citizen of Delaware, where it is incorprated. In the alternative, she argued that the district court should assert jurisdiction over Giant via pendent jurisdiction.
 
 
 5
 In a memorandum and order entered September 23, 1987 the district judge granted Kimble's motion to dismiss on grounds that there was no diversity between Pelzer and Giant. A letter from the district judge, which was dated October 1, 1987, notified counsel that the aforesaid memorandum and order was a dismissal of all the defendants and the action and specifically ordered that the action be dismissed in its entirety.
 
 
 6
 Shortly thereafter, Pelzer filed an amended complaint which sought to remove Giant as a defendant. In response, Gemco Ware, Gemco (U.K.) and Kimble filed a motion ne recipiatur or alternatively a motion to dismiss the amended complaint. These defendants argued that the action had been dismissed and no amendment could be legally accomplished. Pelzer then filed a motion to vacate with leave to amend her original complaint.
 
 
 7
 The district court denied Pelzer's motion to vacate and amend. It reasoned that the original complaint could not be amended unless the action were first reopened. Further, the district court pointed out that counsel's tactical error in failing to amend or voluntarily dismiss the non-diverse party prior to dismissal of the complaint was insufficient grounds for setting aside a judgment. The judge also mentioned that his dismissal was without prejudice and noted that Pelzer has a fresh suit pending against the diverse defendants.*
 
 
 8
 Pelzer makes three arguments in this appeal: (1) the district court erred in failing to sua sponte perfect jurisdiction or in the alternative permit Pelzer to amend her complaint pursuant to Fed.R.Civ.P. 15; (2) the district court erred when it failed to reinstate Pelzer's action pursuant to Fed.R.Civ.P. 59(e) by construing the amended complaint to be a Rule 59(e) motion; and (3) the district court erred when it failed to reopen Pelzer's action pursuant to Fed.R.Civ.P. 60(b)(6). The Court shall address each of Pelzer's arguments seriately.
 
 II
 
 9
 The district court had no duty to sua sponte dismiss a non-diverse party when Pelzer was represented by counsel. To hold otherwise would be to convert the district court "to the role of an advocate, seeking out the strongest arguments and most successful strategies for a party." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985), cert. denied, 475 U.S. 1088 (1986). As the district judge noted in its memorandum opinion, Pelzer could have moved the district court, prior to dismissal of the complaint, to amend the complaint or voluntarily dismiss the non-diverse party. Accordingly, the Court finds this argument to be without merit.
 
 
 10
 Pelzer complains that the district court should have allowed her to amend her complaint after dismissal of the action pursuant to Fed.R.Civ.P. 15(a). The majority of courts faced with this decision have refused to allow the amendment of a complaint that has been dismissed until the judgment is set aside pursuant either to Fed.R.Civ.P. 59 or 60. Otherwise, the liberal amendment policy of Rule 15(a) would be used to defeat a philosophy favoring finality of judgments. See C. Wright & A. Miller, 6 Federal Practice and Procedure Sec. 1489, at 445.
 
 
 11
 Pelzer argues that her action should be reinstated pursuant to Fed.R.Civ.P. 59(e). Her contention is that the district court should have construed the amended complaint to be a motion under Rule 59(e). Even if this Court found that Pelzer's amended complaint was a Rule 59(e) motion, Pelzer would have to show the district court clearly abused its discretion in denying the motion. Roudybush v. Zabel, 813 F.2d 173, 178 (8th Cir.1987); American Home Assur. v. Glenn Estess & Associates, 763 F.2d 1237, 1238-1239 (11th Cir.1985). The district court made it clear that Pelzer's unsuccessful trial tactics were not grounds for reopening the action. This Court would find no abuse of discretion in the denial of a 59(e) motion.
 
 
 12
 Finally, Pelzer contends the district court erred in failing to grant her motion pursuant to Fed.R.Civ.P. 60(b)(6). This Court will reverse a district court's denial of a Rule 60(b)(6) motion if the district court abuses its discretion. Harman v. Pauley, 678 F.2d 479, 480 (4th Cir.1982). To grant a motion pursuant to Rule 60(b)(6) extraordinary circumstances must exist. Ackermann v. United States, 340 U.S. 193, 199-200 (1950); Werner v. Carbo, 731 F.2d 204, 207 (4th Cir.1984). A district court should "balance the interest of granting a Rule 60(b)(6) motion to accomplish justice against the interest of finality of litigation." Harman v. Pauley, 678 F.2d at 481.
 
 
 13
 The district court found that Pelzer made a tactical decision to fight a dismissal based on lack of diversity rather than moving to drop Giant as a party. It then concluded that pursuit of an errant tactical decision was not a sufficient basis for reopening the action. We cannot find that the district court abused its discretion, based on this record.
 
 
 14
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The district judge commented that this fresh suit may be vulnerable to a statute-of-limitations defense because the period for filing Pelzer's complaint expired eleven days after she filed her original suit