867 F.2d 609
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Anthony M. LAURENCO, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant- Appellee.
 No. 88-2170.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 30, 1988.
Decided: Jan. 21, 1989.
Rehearing and Rehearing In Banc Denied Feb. 2, 1989.
 
 Anthony M. Laurenco, appellant pro se.
 Larry David Adams (Office of the United States Attorney); Lawrence John Harder (Department of Health & Human Services), for appellee.
 Before K.K. HALL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Anthony Laurenco appeals from the denial of his motions seeking a new trial in his action challenging the constitutionality of Section 224 of the Social Security Act, 42 U.S.C. Sec. 424a. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Because Laurenco filed these motions more than ten days after entry of judgment, we construe them to be brought pursuant to Fed.R.Civ.P. 60(b). When considering the denial of a Rule 60(b) motion, this Court's standard of review is whether the district court abused its discretion. Transportation, Inc. v. Mayflower Services, 769 F.2d 952, 954 (4th Cir.1985) (citing Harman v. Pauley, 678 F.2d 479, 480 (4th Cir.1982)). In order to gain relief under Rule 60(b), the movant must prove the existence of one of six enumerated reasons which justify setting aside the judgment and also must "demonstrate the existence of a meritorious claim or defense" to the underlying action. Square Construction Co. v. Washington Metropolitan Area Transit Authority, 657 F.2d 68, 71 (4th Cir.1981).
 
 
 3
 In this case, Laurenco has failed to provide any legitimate reason for setting aside the judgment. His main contention appears to be that the district court's grant of summary judgment deprived him of his right to a jury trial. This does not provide a basis for a new trial.
 
 
 4
 In any event, Laurenco failed to show he has a meritorious claim. The crux of Laurenco's action is that Sec. 224 of the Social Security Act is unconstitutional. The Supreme Court, however, has already considered this issue and held that Sec. 224 is constitutional. Richardson v. Belcher, 404 U.S. 78 (1971).
 
 
 5
 Because Laurenco has not satisfied the criteria necessary to obtain relief under Rule 60(b), the district court did not abuse its discretion in denying his motions for a new trial. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.