873 F.2d 1441
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene FIELDS, a/k/a Verlin Scott, Defendant-Appellant.
 No. 89-7506.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 14, 1989.
Decided: April 13, 1989.
 
 Eugene Fields, appellant pro se.
 Martin P. Sheehan (Office of the United States Attorney), for appellee.
 Before DONALD RUSSELL, JAMES DICKSON PHILLIPS and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Eugene Fields, a federal inmate, appeals an order of the district court which denied his motion for reconsideration of the district court's prior order dismissing Fields' 28 U.S.C. Sec. 2255 motion as successive. Finding no abuse of discretion in the district court's denial of the motion for reconsideration, we affirm.
 
 
 2
 Fields' motion was filed more than ten days after the district court's final order dismissing his Sec. 2255 motion, and therefore must be considered as a motion for relief from order brought under Rule 60(b), Federal Rules of Civil Procedure.*
 
 
 3
 In reviewing the denial of a motion for reconsideration pursuant to Rule 60(b), this Court's standard of review is whether the district court abused its discretion. Transportation, Inc. v. Mayflower Services, 769 F.2d 952, 954 (4th Cir.1985) (citing Harman v. Pauley, 678 F.2d 479, 480 (4th Cir.1982)). We find that Fields has not shown any reason justifying relief from the order dismissing his Sec. 2255 motion, and we find that the district court did not abuse its discretion.
 
 
 4
 We therefore affirm the order of the district court. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Fields appealed both the district court's final order of October 31, 1988, and its order of December 23, 1988, denying his motion to reconsider. Because the notice of appeal was filed more than 60 days after October 31, 1988, the order of that date is not before this Court. Fed.R.App.P. 4(a)(1). For the purposes of this appeal, we assume that the date Fields placed on the notice of appeal is the earliest date he would have submitted it to prison authorities. It is considered filed on that date. Houston v. Lack, 56 U.S.L.W. 4728 (U.S. June 24, 1988) (No. 87-5428)