885 F.2d 866
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Freddie TAYLOR, Petitioner.
 No. 89-8022.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 14, 1989.
Decided Aug. 31, 1989.
 
 Freddie Taylor, petitioner pro se.
 Before PHILLIPS and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Freddie Taylor filed this petition for writ of mandamus seeking to obtain reversal of a district court's order denying him relief on his 42 U.S.C. Sec. 1983 action. A petition for writ of mandamus cannot be used as a substitute for appeal. In re United Steelworkers, 595 F.2d 958, 960 (4th Cir.1979). Because the relief sought by Taylor could have been addressed in an appeal, his petition for writ of mandamus is denied.[1]
 
 
 2
 Further, to the extent that Taylor's petition could be construed as a notice of appeal, the notice was timely only as to the denial of his "Motion for Clarification on the Finding and Conclusion of Law," a Fed.R.Civ.P. 60(b) motion. As Taylor failed to present any exceptional circumstances warranting reconsideration, the district court did not abuse its discretion in denying the motion, and its order should not be overturned. Ackerman v. United States, 340 U.S. 193, 199-200 (1950); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir.1984); Harman v. Pauley, 678 F.2d 479, 480-81 (4th Cir.1982).
 
 
 3
 We grant leave to proceed in forma pauperis and deny Taylor's petition for writ of mandamus. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 4
 DENIED.
 
 
 
 [1]
 We note also that Taylor was instructed by United States District Judge Earl Britt that the proper method of attacking the denial of relief in his Sec. 1983 action was an appeal to this Court