905 F.2d 1530
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wayne G. MARVEL, Plaintiff-Appellant,
v.
Michael J. CAVANAUGH; Parole Commission, SC; South
Carolina, SC; Grady A. Wallace; Rhett Jackson; Jerry M.
Neal; Lee R. Cathcart; Willie E. Givens, Jr.; Marion
Beasley; J.P. Hodges; Raymond J. Rossi, Defendants-Appellees.
 No. 89-7669.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 22, 1989.
Decided May 18, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. G. Ross Anderson, Jr., District Judge. (C/A No. 89-440)
 Wayne G. Marvel, appellant pro se.
 D.S.C.
 AFFIRMED.
 Before WIDENER, Circuit Judge, and HARRISON L. WINTER* and BUTZNER, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 Wayne G. Marvel, a South Carolina inmate, seeks to appeal an order of the district court which dismissed his 42 U.S.C. Sec. 1983 complaint. His appeal is timely only as to the district court's subsequent denial of his motion for reconsideration of that order, which must be treated as brought under Fed.R.Civ.P. 60(b), as it was made more than ten days after the order which dismissed his complaint.
 
 
 2
 In reviewing the denial of a motion for reconsideration pursuant to Rule 60(b), this Court's standard of review is whether the district court abused its discretion. Transportation, Inc. v. Mayflower Services, 769 F.2d 952, 954 (4th Cir.1985) (citing Harman v. Pauley, 678 F.2d 479, 480 (4th Cir.1982)). We find that Marvel has not shown any reason justifying relief from the order dismissing his petition. Although he requests injunctive relief under Sec. 1983, the core of his complaint concerns the state parole board's refusal to parole him, and the relief he seeks is intended to shorten the duration of his confinement. His claims are, therefore, subject to exhaustion in state court before they can be heard in federal court. Alexander v. Johnson, 742 F.2d 117 (4th Cir.1984); Todd v. Baskerville, 712 F.2d 70, 71-72 (4th Cir.1983). It is also apparent from Marvel's submissions that due process was satisfied in the parole proceedings, in that he was provided with a statement of the reasons parole was denied. See Franklin v. Shields, 569 F.2d 800 (4th Cir.) (en banc), cert. denied, 435 U.S. 1003 (1978).
 
 
 3
 We therefore affirm the district court's order. We dispense with oral argument because the dispositive issues recently have been decided authoritatively and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The opinion in this case was assigned to a panel which included Judge Winter, who died while the case was pending and did not participate in the opinion. The opinion is filed by a quorum of the panel. 28 U.S.C. Sec. 46(d)