927 F.2d 597
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy J. HARBOUR, Claimant-Appellant,
and
8.5 Acres of Real Property Located in Patrick County,
Virginia Township, Virginia, Defendant,
First Savings & Loan Association, Marguerite Apple Comer, Claimants.
 No. 90-6635.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 24, 1991.
Decided March 5, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Chief District Judge. (CA-88-1136-C-WS)
 Jimmy J. Harbour, appellant pro se.
 Robert Holt Edmunds, Jr., United States Attorney, Richard Lee Robertson, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before K.K. HALL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jimmy J. Harbour appeals an order of the district court which denied the "motion for summary judgment" he filed contesting an order finding him to be in default in the government's forfeiture action against 8.5 acres of land belonging to him. We affirm.
 
 
 2
 The government began forfeiture proceedings against the 8.5 acres after a large number of marijuana plants were found growing near Harbour's cabin on the land; evidence of marijuana processing and cultivation was found in and around the cabin where Harbour resided with his girlfriend. Although Harbour was the real owner of the 8.5 acres, legal title to the 8.5 acres and an adjoining piece of land was held by Sam and Juanita Castagna, friends of Harbour. Harbour and both Castagnas later pled guilty in state court to drug charges arising from the marijuana operation.
 
 
 3
 Neither Harbour nor the Castagnas contested the forfeiture proceeding against the 8.5 acres.[1] However, about the time the forfeiture proceeding began, Harbour mailed a deed to the 8.5 acres to his girlfriend's sister, who then contested the forfeiture, representing herself as the owner of the 8.5 acres. The district court found that she had no standing to contest as there had been no effective transfer to her. It further found that the other parties in interest were in default and declared the property forfeited.
 
 
 4
 Harbour then filed a "motion for summary judgment" in which he stated that he was the true owner of the 8.5 acres and complained that, of the three properties against which forfeiture proceedings were begun, only his 8.5 acres had been seized.
 
 
 5
 The district court properly construed the motion as a Rule 60(b) motion for relief from judgment and denied it. A Rule 60(b) motion is reviewed for abuse of discretion. Transportation, Inc. v. Mayflower Services, 769 F.2d 952, 954 (4th Cir.1985) (citing Harman v. Pauley, 678 F.2d 479, 480 (4th Cir.1982)).
 
 
 6
 Harbour failed to present any justification for relief from the default order in the district court.[2] Accordingly, although we grant leave to proceed in forma pauperis, we find that the district court did not abuse its discretion in refusing to reconsider its order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 The government asserts that forfeiture proceedings have also been begun, but not yet completed, against the adjoining tract of land and the Castagnas' residence
 
 
 [2]
 Harbour's assertions on appeal that no marijuana was found on the 8.5 acres, and that the government could show only suspicion that marijuana was processed on the property, were not raised in the district court and are not properly before this Court. Kinty v. United Mine Workers of America, 544 F.2d 706, 722 (4th Cir.1976), cert. denied, 429 U.S. 1093 (1977)