944 F.2d 902
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NITED STATES of America, Plaintiff-Appellee,
v.
Robert E. BAILES, Defendant-Appellant.
 No. 88-7261.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 29, 1991.
Decided Sept. 19, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CR-75-25, CA-87-358)
 Robert Eugene Bailes, appellant pro se.
 Karen Breeding Peters, Assistant United States Attorney, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Robert E. Bailes, a federal inmate, appeals an order of the district court which denied his motion to reconsider its prior order refusing relief under 28 U.S.C. § 2255[1] after an evidentiary hearing. Although the district court treated the motion to reconsider as brought under Fed.R.Crim.P. 59, it was apparently never served[2] and is therefore better considered as a Rule 60(b) motion. Baile's notice of appeal is timely only from the district court's order denying his motion for reconsideration. We therefore review for abuse of discretion, Transportation, Inc. v. Mayflower Serv., 769 F.2d 952, 954 (4th Cir.1985) (citing Harman v. Pauley, 678 F.2d 479, 480 (4th Cir.1982)), and affirm the district court's order.
 
 
 2
 In May 1975, Bailes pled nolo contendere to two counts of bank fraud and two counts of income tax evasion. He received a sentence of five years probation, later reduced to three years, and a fine. He was discharged from probation in 1978. His challenge to the 1975 convictions are not moot because the fact of the convictions could well influence the sentence he would receive in a future sentencing.[3] See Evitts v. Lucey, 469 U.S. 387, 391 n. 4 (1985).
 
 
 3
 Bailes contended in his motion that his plea was involuntary because he was suffering at the time from hypercalcemia (elevated levels of calcium in the blood) which impaired his ability to make judgments. He also claimed that the inquiry mandated by Fed.R.Crim.P. 11 to establish the voluntariness of a guilty or nolo contendere plea was not made and that no verbatim record was made of the plea hearing, as required by Rule 11, which could support a finding that his plea was voluntary. He further claimed that there was no factual basis for the bank fraud charge and that his plea to an easily disprovable charge was evidence of his mental incompetence at the time. Last, he claimed that Rule 32 was violated in that no presentence report was prepared. All these claims lack merit.
 
 
 4
 Bailes presented some evidence[4] that he was diagnosed as suffering from hypercalcemia in 1987 and that the condition may have been present as early as 1970, with levels of calcium in his blood varying but often high. He presented medical opinions stating that high calcium levels could adversely affect mental functioning, with symptoms possibly ranging from memory deficits to manic psychosis. However, Bailes presented no real evidence to support a finding that at the time he entered his plea he was mentally impaired to such a degree that he was not capable of understanding the charges against him, his rights, and the consequences of a nolo contendere plea. See Shaw v. Martin, 733 F.2d 304, 314 (4th Cir.), cert. denied, 469 U.S. 873 (1984). Although the official transcript of Bailes's plea hearing has been lost, an unofficial transcript survives, and was introduced by the government at the evidentiary hearing. It does not provide any support for Bailes's claim; neither does the transcript of the arraignment where Bailes earlier entered a not guilty plea. The former Assistant United States Attorney who prosecuted Bailes in 1975 testified at the evidentiary hearing that Bailes participated actively in the negotiations leading to his plea and the dismissal of other charges against him, that Bailes chose the counts he would plead to, and that Bailes seemed to know very well what he was doing.
 
 
 5
 Bailes's claim that no record was made of the plea hearing is incorrect, though it is true that the official copy no longer exists. The version of Rule 11 in effect in May 1975 required only that the judge address the defendant personally to determine that the plea was made voluntarily with understanding of the nature of the charge and the consequences of the plea, and that he ascertain that a factual basis exists for the plea.[5] The available transcript discloses that the district court addressed Bailes personally to determine whether his plea was voluntary. Bailes had already been fully apprised of the charges against him and the consequences of a guilty or nolo contendere plea at his arraignment. A factual basis was presented at the Rule 11 hearing which was not transcribed; the former prosecutor testified that the investigating agents gave evidence and that the basis for the bank fraud charge was not that Bailes did not own the six acres he had listed on a loan application, but that he gave an inflated value for the land.
 
 
 6
 The record makes no mention of a presentence report. At the time, Rule 32 required that a presentence report be prepared unless the district court directed otherwise, but did not require the court to disclose the report to the defendant or his counsel.[6] That a report was not made available to Bailes in this case did not violate the rule and does not provide support for his effort to invalidate his plea.
 
 
 7
 Because Bailes's motion for reconsideration does not present any reason justifying relief from the order denying his § 2255 motion, and his underlying claims are meritless, we find that the district court did not abuse its discretion in denying the motion for reconsideration. We therefore affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Bailes's initial motion was brought under 28 U.S.C. § 2255 and Rules 11, 32, and 35(a) of the Federal Rules of Criminal Procedure. Although Bailes' attorney insisted at the evidentiary hearing that Bailes was proceeding only under Rule 35(a), his intention throughout was to show that his nolo contendere plea was involuntary, rather than to challenge the probationary sentence and fine he received. Therefore, his motion is in essence a § 2255 motion
 
 
 [2]
 The official record does not contain Bailes's original motion, supplemental motion or motion to reconsider. Bailes has submitted an appendix which includes copies of these motions
 
 
 [3]
 The sentence is now too old to be assigned criminal history points, see U.S.S.G. § 4A1.1(c), but it could be a factor in the court's decision as to where to fix the sentence within the guideline range or whether to depart from the guideline range
 
 
 [4]
 This was in the form of letters from a medical doctor (Meloni) and a psychiatrist (Daly) to each other and to "whom it may concern." An affidavit from another psychiatrist (Breslin) stating positively that Bailes had been severely impaired mentally at the time of the plea was unsigned and undated. All three relied in part on a chart showing blood calcium levels for Bailes at intervals from 1970. The source of the data on the chart is not identified
 
 
 [5]
 The Supreme Court adopted an amendment to Rule 11 in April 1974 which mandated the more detailed inquiry which is currently used in taking a guilty or nolo contendere plea. The amendment took effect on December 1, 1975, after Bailes's plea
 
 
 [6]
 Through an amendment adopted in April 1974 and effective on December 1 1975, Rule 32 was revised to provide for disclosure of the presentence report to the defendant upon request