**EMPRESA ELÉCTRICA DEL ECUADOR, INC.,**
Plaintiff,

v.

**REPUBLIC OF ECUADOR, Defendant.**

**No. Civ.A. 95–0898(JR).**

United States District Court,
District of Columbia.

March 31, 2000.

Kay C. Georgi, Coudert Brothers, Washington, DC, for plaintiff.

John W. Polk, Baker & McKenzie, Washington, DC, Donald J. Hayden, Jeffrey F. Bogert, Baker & McKenzie, Miami, FL, for defendant.

### MEMORANDUM ORDER

ROBERTSON, District Judge.

Before the Court is plaintiff's motion to vacate its voluntary dismissal of this action,

---

pursuant to Federal Rule of Civil Procedure 60(b)(6), and for leave to amend its complaint, pursuant to Federal Rule of Civil Procedure 15. For the reasons set forth below, the motion will be **denied.**

## FACTS

In 1925, plaintiff Empresa Eléctrica del Ecuador, Inc. ("EMELEC"), a Maine corporation, entered into a concession agreement with the Canton of Guayaquil, the largest municipality in Ecuador, pursuant to which plaintiff was to provide electrical generation and distribution services in Guayaquil and the surrounding areas in exchange for a guaranteed annual return on its capital of 9.5 percent.[1] Plaintiff has provided electrical services to the Canton of Guayaquil continuously since 1925.

Plaintiff alleges that, in 1982, defendant began a pattern of behavior, which continues until today, "of failing to abide by the Concession Agreement and otherwise taking actions to the detriment of EMELEC." Pltf. Motion at 3, 9–11 (Perez Decl. at ¶¶ 6, 27–32). The specific allegation is that defendant refused to set electricity rates or take other affirmative action to ensure that plaintiff received the contractually guaranteed 9.5–percent return on its investment.

The dispute was submitted to arbitration in 1992, pursuant to the arbitration clauses in the concession agreement, and plaintiff was awarded damages in the amount of $51,931,-106. When defendant refused to recognize or satisfy the arbitral award, plaintiff initiated this action. Defendant defaulted, but settlement negotiations were nevertheless conducted, with the result that a settlement agreement was executed on August 29, 1995, by and among plaintiff, defendant, the Ecuadorean Electrification Institute, and the State Oil Marketing and Transport Company of Ecuador. The settlement agreement provided, among other things, that plaintiff would dismiss its lawsuit, and plaintiff did dismiss.

Plaintiff alleges that, although it complied with its obligations under the settlement agreement, the defendant continued to breach the concession agreement, and that plaintiff has suffered damages of more than $800 million. Invoking Federal Rule of Civil Procedure 60(b)(6), plaintiff seeks to set aside its voluntary dismissal. Plaintiff also seeks leave to file and serve an amended complaint that sets forth claims for damages it suffered *after* the 1992 arbitral award, as a result of defendant's continuing breach of the concession agreement.

## ANALYSIS

Rule 60(b)(6) provides in relevant part that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding ... for any ... reason justifying relief from the operation of the judgment." Although a literal reading of this subsection may suggest that district courts have broad discretion in deciding whether to issue Rule 60(b)(6) orders, *see Randall v. Merrill Lynch,* 820 F.2d 1317, 1320 (D.C.Cir.1987), the Supreme Court has held that the rule applies only to "extraordinary" situations, *see Ackermann v. United States,* 340 U.S. 193, 202, 71 S.Ct. 209, 95 L.Ed. 207 (1950), and our Court of Appeals has cautioned that the rule "should be only sparingly used." *Twelve John Does v. District of Columbia,* 841 F.2d 1133, 1140 (D.C.Cir.1988) (quoting *Good Luck Nursing Home, Inc. v. Harris,* 636 F.2d 572, 577 (D.C.Cir.1980)); *see also Goland v. Central Intelligence Agency,* 607 F.2d 339, 373 (D.C.Cir.1978) (noting that Rule 60(b)(6) relief is reserved for "extraordinary" circumstances).

A number of courts have held that a party's breach or repudiation of a settlement agreement may constitute extraordinary circumstances and that the non-breaching party may invoke the rule to vacate a prior dismissal and reinstate the original case. *See Keeling v. Sheet Metal Workers Int'l Ass'n,* 937 F.2d 408, 410 (9th Cir.1991); *United States v. Baus,* 834 F.2d 1114, 1123–27 (1st

---

1. By law and agreement, the Republic of Ecuador later became subrogated to all of the rights and obligations of the Canton of Guayaquil under the Concession Agreement. Pltf. Motion at 2 (Perez Decl. at ¶ 4).

Cir.1987); *Stipelcovich v. Sand Dollar Marine, Inc.,* 805 F.2d 599, 605 (5th Cir.1986); *Fairfax Countywide Citizens v. Fairfax County,* 571 F.2d 1299, 1302–03 (4th Cir. 1978). *But see Sawka v. Healtheast, Inc.,* 989 F.2d 138, 140–41 (3d Cir.1993) (noting that the non-breaching party may never resort to Rule 60(b)(6) for relief).

Other courts have held that relief is not available simply because one party breaches the term of a settlement agreement, if the non-breaching party can obtain adequate relief by filing a lawsuit for breach of the settlement agreement. *See, e.g., Harman v. Pauley,* 678 F.2d 479, 481–82 (4th Cir.1982) ("Harman could obtain the same relief sought by way of his Rule 60(b)(6) motion through the lawsuit against Pauley which he has already filed"); *cf. Sawka,* 989 F.2d 138 at 140–41 (non-breaching party had no remedy under Rule 60(b)(6) but could file a separate action for breach of the settlement agreement).

The admonition of our Court of Appeals to make "sparing" use of Rule 60(b)(6) counsels, if it does not require, the denial of the instant motion. Plaintiff has not demonstrated that it will be unable to secure a remedy in the courts of Ecuador, and indeed it agreed that the laws of Ecuador would govern the performance and enforcement of that agreement. Prior disputes between the parties in this case were resolved in Ecuador and pursuant to Ecuadorian law. Plaintiff's claim that the settlement agreement has been breached falls well short of the "repudiation" that supported a Rule 60(b)(6) order in, e.g., the *Keeling* case, *supra,* (although in reply to defendant's opposition, plaintiff asserts that defendant has repudiated the "absolutely essential elements" of the agreement). Plaintiff has failed to demonstrate anything "extraordinary" about the situation in which it now finds itself, having agreed to settle its lawsuit and then having permitted its claimed damages to grow more than fifteen-fold, over a period of four years, before seeking relief from a court again.

Accordingly, it is this 31st day of March, 2000,

**ORDERED** that plaintiff's motion to vacate and for leave to amend [# 11–1, # 11–2], are **denied**.