**Jim R. KEELING, dba River City Mechanical, Plaintiff–Appellant,**

v.

**SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL UNION 162, an unincorporated association, Defendant–Appellee.**

No. 89–16410.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 1991.

Memorandum Filed Feb. 28, 1991.

Order and Opinion Filed June 25, 1991.

Allison E. Moss, Commons & Moss, Sacramento, Cal., for plaintiff-appellant.

Christopher E. Platten, Wylie, McBride, Jesinger & Sure, San Jose, Cal., for defendant-appellee.

Before GOODWIN, TANG and THOMPSON, Circuit Judges.

### ORDER

The request for publication is GRANTED. The memorandum disposition filed February 28, 1991, 927 F.2d 609 is redesignated as an authored opinion by Judge Goodwin, with a few minor editorial changes.

GOODWIN, Circuit Judge:

Jim R. Keeling, dba River City Mechanical, and Liana M. Keeling appeal the district court's order vacating the dismissal of an action between the Keelings and Sheet Metal Workers International Association ("Local 162"). The order to vacate was entered pursuant to Federal Rule of Civil Procedure 60(b)(6). An attempted settlement of the underlying dispute precipitated the original dismissal. After the Keelings frustrated the settlement, the union asked the district court to vacate the dismissal.

River City was a member of a multi-employer bargaining organization called the Sheet Metal and Air Conditioning Contractors National Association of Sacramento ("SMACNA"). River City, SMACNA, and Local 162 were signatories to a collective bargaining agreement that was scheduled to expire on June 30, 1981. Article X, Section 8 of that contract provided that any controversy or dispute arising out of the failure of the parties to negotiate a successor collective bargaining agreement would be submitted to the National Joint Adjustment Board ("NJAB") for resolution.

Sometime prior to the contract's expiration, River City withdrew from SMACNA. The withdrawal placed Local 162 on notice that River City intended to terminate the bargaining agreement. River City and Local 162 attempted to negotiate a new agreement to take effect on July 1, 1981. Those attempts failed. In apparent defiance of Article X, Section 8, River City refused to submit the dispute to the NJAB for resolution. A district court order, which we upheld in *B.J. Heating, et al. v. Sheet Metal Workers Int'l Ass'n, Local Union No. 162*, No. 83–1721, slip op. (9th Cir. Nov. 16, 1983), compelled River City to submit all unresolved contractual issues to the NJAB, pursuant to Article X, Section 8.

The NJAB conducted a hearing to accomplish a collective bargaining agreement, but River City did not attend. In July, 1983, the NJAB finalized the terms of a five-year agreement effective retroactively to July 1, 1981. In October, 1983, River City filed the present action to vacate the NJAB's decision. Local 162 filed a counterclaim for injunctive relief and damages resulting from River City's alleged breach of contract. The counterclaim was subsequently amended to name Jim R. Keeling and Liana Keeling, individually and dba

River City Mechanical as counter-defendants.

In July, 1985, the district court granted Local 162 partial summary judgment, leaving the question of damages to be resolved by trial. Prior to trial, Jim Keeling dba River City Mechanical filed a Chapter 13 petition for bankruptcy. In 1987, the parties settled all disputes, and the district court dismissed the case. The settlement agreement provided, in part, that the Keelings would comply jointly and severally with the collective bargaining agreement. The agreement also provided that the Keelings would pay the union $100,000 to cover part of its litigation expenses. As to Jim Keeling, however, the agreement's effectiveness was subject to the bankruptcy court's approval of it.

Notwithstanding the settlement agreement, the Keelings failed to comply with its terms. When Local 162 moved the district court to enforce the settlement agreement or, in the alternative, to vacate the order of dismissal pursuant to Federal Rule of Civil Procedure 60(b)(3), it argued that the settlement agreement had been the product of fraud. The Keelings defended on the ground that compliance with the settlement agreement was contingent upon the bankruptcy court's approval, which was not given. The record showed little if any effort on the part of Jim Keeling to obtain that approval.

The district court at first rejected Local 162's motions. After briefing and argument, however, the court vacated the dismissal. The court held that Keeling's actions before the bankruptcy court, along with the history of the Keelings' consistent noncompliance, had completely frustrated the purpose of the settlement agreement. That frustration, the court concluded, constituted an exceptional circumstance under 60(b)(6) justifying restoration of the case to the civil active list. In September, 1989, the district court issued its final judgment on damages. This appeal followed.

We review the district court's decision to vacate the dismissal for abuse of discretion. *Supermarket of Homes v. San Fernando Valley Bd.*, 786 F.2d 1400, 1410 (9th Cir.1986); *Plotkin v. Pacific Tel. & Tel. Co.*, 688 F.2d 1291, 1292–93 (9th Cir.1982).

■ In the usual course upon repudiation of a settlement agreement, the frustrated party may sue anew for breach of the agreement and may not, as here, reopen the underlying litigation after dismissal. *See, e.g., TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir.1986) (district courts retain inherent power to enforce settlement agreements, including award of specific performance or damages upon breach). In this case, the union first argued to the district court that fraud, and not simple repudiation or breach, justified vacating the dismissal of the underlying litigation. Federal Rule of Civil Procedure 60(b)(3) countenances the union's initial position.

The district court did not reach the fraud allegations but characterized the course of events as sufficiently extraordinary to grant the union's requested relief. *See* Fed.R.Civ.P. 60(b)(6). The district court did not abuse its discretion.

■ Under Rule 60(b)(6), the district court was permitted to relieve Local 162 "from a final judgment, order, or proceeding for … any … reason justifying relief from the operation of the judgment." Generally, only "extraordinary circumstances" justify relief under the rule. *United States v. Sparks*, 685 F.2d 1128, 1129 (9th Cir.1982). Repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order. *United States v. Baus*, 834 F.2d 1114, 1124 (1st Cir.1987); *Fairfax Countywide Citizens v. Fairfax County*, 571 F.2d 1299, 1302–03 (4th Cir.), *cert. denied*, 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978); *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir.), *cert. denied*, 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976); *VanLeeuwen v. Farm Credit Admin.*, 600 F.Supp. 1161, 1164, 1167 (D.Or.1984).

We defer to the district court's finding—made after full briefing and argument—of repudiation, or "complete frustration," of

the settlement agreement. The court reasonably based its finding on specific acts, perceived as bad faith noncompliance in light of the Keelings' behavior throughout their disagreements with Local 162. First, the Keelings defied the original collective bargaining agreement with Local 162 by refusing to submit the dispute over the successor agreement to the NJAB. Next, after being ordered by the district court to submit the dispute to the NJAB, the Keelings declined to meet their obligation to attend the NJAB hearing on the matter. Although the Keelings had agreed to a settlement in lieu of defending Local 162's subsequent damage action against them, they failed to comply with the settlement terms. Liana Keeling's duty to comply was absolute; it was not contingent upon the bankruptcy court's approval. Even though Jim Keeling's duty of compliance was contingent upon the bankruptcy court's approval of the settlement agreement, and even though that approval was not a certainty, Jim Keeling's emphasis to the bankruptcy court of the reasons counseling against approval evinced his determination not to comply.

The Keelings received a full and fair hearing. After the initial hearing in which the district court stated its intention to vacate the dismissal pursuant to 60(b)(6), the district court heard arguments from both counsel and requested and received briefs on the matter.

The Keelings' allegation of district court bias is frivolous.

AFFIRMED.