**TRADE ARBED, INC., et al.**

v.

**AFRICAN EXPRESS MV, et al.**

**Civil Action No. 95–3798.**

United States District Court,
E.D. Louisiana.

Sept. 24, 1996.

---

Francis J. Barry, Jr., Gene Ray Smith, Deutsch, Kerrigan & Stiles, New Orleans, LA, for Trade Arbed Inc., Continental Insurance Company.

Machale Andrew Miller, Alfred Jackson Rufty, III, O'Neil, Eichin, Miller, Saporito & Harris, New Orleans, LA, for Robert B. Miller & Associates, Inc., David T. Hammond.

Gerald D. Wasserman, Bach & Wasserman, Metairie, LA, for Coastal Cargo Company, Inc.

## ORDER DENYING PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AND GRANTING PLAINTIFFS' MOTION TO PLACE THIS MATTER ON THE COURT'S DOCKET

VANCE, District Judge.

Before the Court is plaintiffs' Motion to Enforce Settlement or, Alternatively, to Place This Matter on the Court's Docket. For the reasons set forth below, the plaintiffs' Motion to Enforce Settlement is DENIED, and the Motion to Place This Matter on the Court's Docket is GRANTED.

### I. BACKGROUND

On or about May 9, 1996, plaintiffs in the above captioned matter entered into an agreement with defendants, Robert B. Miller & Associates, David T. Hammond, and Coastal Cargo Company, Inc., settling the case. Plaintiffs allege that the terms of the settlement agreement provided that *each* defendant would pay the plaintiffs $2,000.

In connection with this settlement, this Court issued a 60–day order on May 9, 1996, dismissing the case "without prejudice to the right, upon good cause shown, within sixty days, to reopen the action if settlement is not consummated." Record Doc. No. 14.

Plaintiffs allege that they have received settlement funds from Robert B. Miller & Associates, Inc., but have not received settlement funds from the remaining defendants, David T. Hammond and Coastal Cargo, Inc. Plaintiffs therefore move for a judgment ordering the remaining defendants to comply with their settlement agreement without further delay. Alternatively, plaintiffs request that this Court place the matter back on the docket to proceed to trial against these defendants if the settlement funds are not received.

### II. LEGAL ANALYSIS

#### A. Subject Matter Jurisdiction Over Action to Enforce Settlement

Federal courts are courts of limited jurisdiction and possess power only over those cases authorized by the United States Constitution and federal statutes. *See Kokkonen v. Guardian Life Insurance Company of America,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). The Supreme Court and the Fifth Circuit have both explicitly held that there is no provision of law that provides federal courts with jurisdiction over disputes arising out of agreements that produce stipulations of dismissal. *Kokkonen,* 511 U.S. at ——, 114 S.Ct. at 1675; *Langley v. Jackson State University,* 14 F.3d 1070, 1074 (5th Cir.1994) ("[W]e hold that once a court dismisses an action with prejudice because of a settlement agreement, and the agreement is neither approved of nor incorporated by the court in its decree or order and the court does not indicate any intention to retain jurisdiction, an action to enforce the settlement agreement requires federal jurisdiction independent of the action that was settled."). The Supreme Court has also rejected the notion that federal courts can exercise ancillary jurisdiction over such cases. *Kokkonen,* 511 U.S. at ——, 114 S.Ct. at 1676 ("[n]o case of ours asserts, nor do we think the concept of limited federal jurisdiction permits us to assert, ancillary jurisdiction over any agreement that has as part of its consideration the dismissal of a case before a federal court."). In light of these holdings, it is clear that this Court lacks subject matter jurisdiction over

plaintiffs' action to enforce the settlement. The Court's order dismissed the case without prejudice only for a sixty-day period. *See* Record Doc. No. 14. That sixty-day period has expired. Thus, this case involves nothing more than an ordinary breach of contract action which does not involve the jurisdictional amount necessary for this court to exercise jurisdiction. The case therefore falls under the exclusive jurisdiction of the state courts. Accordingly, plaintiffs' motion to enforce settlement must be denied.

### B. *Jurisdiction to Place Matter on Court's Docket*

■ The Supreme Court in *Kokkonen* distinguished between federal courts exercising jurisdiction over cases seeking to enforce settlement agreements, on the one hand, and federal courts reopening dismissed suits by reason of breach of settlement agreements, on the other. While the Court held that federal courts lacked jurisdiction over cases seeking to enforce settlement agreements in which the court did not explicitly reserve jurisdiction over the agreement, the Court also noted that some courts of appeals have held that federal courts *are* empowered to reopen suits dismissed by reason of breach of a settlement by virtue of Federal Rule of Civil Procedure 60(b)(6). *See Kokkonen* 511 U.S.. at ——, 114 S.Ct. at 1675; *see also, Keeling v. Sheet Metal Workers Int'l Association*, 937 F.2d 408, 410 (9th Cir.1991) (breach of settlement agreement sufficient reason to set dismissal aside on Rule 60(b)(6) grounds); *Fairfax Countywide Citizens Association v. Fairfax County*, 571 F.2d 1299, 1302–1303 (4th Cir.), *cert. denied*, 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978) (same); *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir.), *cert. denied*, 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976) (same); *Chief Freight Lines Co. v. Local Union No. 886*, 514 F.2d 572 (10th Cir.1975) (same). *But see Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140–41 (3d Cir.1993) (breach of settlement agreement not sufficient reason to set dismissal aside on Rule 60(b)(6) grounds); *Harman v. Pauley*, 678 F.2d 479, 480–81 (4th Cir.1982) (Rule 60(b)(6) does not require vacating dismissal order whenever a settlement agreement has been breached).

The relevant provision of Rule 60(b)(6) reads as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of judgment. Fed.R.Civ.P. 60(b)(6).

■ While the Fifth Circuit has yet to offer us any guidance on this issue, this Court is persuaded, as the majority of circuit courts who have addressed this issue have been, that federal courts are empowered to set aside a dismissal on account of a breach of a settlement agreement by virtue of Rule 60(b)(6). Rule 60(b)(6) gives district courts the authority to vacate judgments whenever that action is appropriate to accomplish justice and leaves such determinations to its discretion. *See* C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2864 at 350 (1995). In the instant case, it would be in the interest of justice to reopen the case and place it back on the Court's docket for trial. To refuse to reopen the case would deprive the plaintiff of a federal forum to try the original underlying action and/or force the plaintiff to begin anew and face the inevitable argument that a new suit against these defendants is precluded by this Court's initial dismissal of the case. In the view of this Court, such a result would be unjust.

Accordingly,

IT IS ORDERED that plaintiffs' motion to enforce settlement is DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion to place this matter on the Court's docket is GRANTED.