OPINION
Plaintiff-appellant, Impulse Wear, Inc., appeals from judgments of the Franklin County Court of Common Pleas granting the motion to dismiss of defendant-appellee, High Impact Corp. and granting the motion for summary judgment of defendant appellee, Frank Watson, Jr.
Impulse Wear and High Impact Corp. are both in the business of designing, manufacturing, and selling heat transfers for use on tee shirts and sportswear. Christian Zarate and Frank Watson, Jr. are both former employees of Impulse Wear who now work for High Impact. This consolidated appeal involves two separate lawsuits brought by Impulse Wear.
The first lawsuit arises out of Christian Zarate's employment with High Impact. Zarate resigned from his employment with Impulse Wear in September 1999. Shortly after Zarate's departure, Impulse Wear learned that Zarate was an employee or part owner of the newly formed High Impact. Impulse Wear also became aware that Zarate had taken a copy of Impulse Wear's customer list when he left the company, and that High Impact was using that customer list to solicit customers for itself. Consequently, in January 2000, Impulse Wear filed an action in the Franklin County Court of Common Pleas seeking to compel High Impact to return its customer list and to stop soliciting the customers on the list.
Ultimately Impulse Wear and High Impact agreed to settle their dispute regarding the customer list. To that end, the parties entered into a settlement agreement containing mutual releases of all claims. High Impact's president signed the settlement agreement on February 4, 2000, and Impulse Wear's president signed the agreement on March 24, 2000.
Paragraph three of the settlement agreement provided that upon executing the settlement agreement, Impulse Wear would execute a notice dismissing all of its claims against High Impact with prejudice. However, Impulse Wear never executed this notice of dismissal. Therefore, on June 1, 2000, High Impact filed a motion seeking to have the trial court dismiss Impulse Wear's complaint with prejudice. On June 12, 2000, Impulse Wear responded to High Impact's motion to dismiss by filing a motion pursuant to Civ.R. 15(E) requesting leave to file a supplemental complaint. Impulse Wear's motion asserted that High Impact had breached the settlement agreement by failing to return Impulse Wear's customer list as required by the agreement, sought to have the settlement agreement rescinded on the basis of that breach, and sought to proceed on the same claims asserted in Impulse Wear's original complaint.
On July 5, 2000, the trial court issued a decision granting High Impact's motion to dismiss Impulse Wear's complaint and denying Impulse Wear's motion for leave to file a supplemental complaint.
The second lawsuit filed by Impulse Wear arises out of Frank Watson, Jr.'s employment with High Impact. Watson worked for Impulse Wear from 1994 until 1997, during which time he executed a non-disclosure and confidentiality agreement. After leaving Impulse Wear, Watson went to work for Art Zone, Inc. While at Art Zone, Watson executed a non-disclosure, non-competition and confidentiality agreement. In January 1998, Art Zone fired Watson. In 1999, Impulse Wear purchased all of the assets and liabilities of Art Zone. In the spring of 2000, Watson went to work for High Impact.
On June 16, 2000, Impulse Wear filed an action in the Franklin County Court of Common Pleas to enforce both the non-disclosure and confidentiality agreement executed by Watson during his employment with Impulse Wear, and the non-disclosure, non-competition and confidentiality agreement executed by Watson during his employment with Art Zone.
On July 24, 2000, Watson moved for summary judgment on Impulse Wear's claims against him.
On August 11, 2000, the trial court issued a decision granting Watson's motion for summary judgment on the grounds that Impulse Wear's claims against Watson are barred by the terms of the settlement agreement entered into between Impulse Wear and High Impact. In addition, the trial court found that the non-competition clause which Impulse Wear sought to enforce against Watson was unreasonable under Raimonde v. Van Vlerah (1975), 42 Ohio St.2d 21, and its progeny.
Impulse Wear appealed from the trial court's decisions in its lawsuits against High Impact and Watson. Because the trial court's rulings in both cases rest on the settlement agreement between Impulse Wear and High Impact, we consolidated the appeals. In the consolidated appeal, Impulse Wear has raised the following assignments of error:
 I. THE TRIAL COURT ERRED IN CASE NO. 00APE-09-924 (THE "FIRST CASE") IN ENTERING JUDGMENT ON A MOTION TO DISMISS IN FAVOR OF DEFENDANT-APPELLEE, HIGH IMPACT, AND AGAINST PLAINTIFF-APPELLANT, IMPULSE WEAR ON THE COMPLAINT.
 II. THE TRIAL COURT ERRED IN THE FIRST CASE IN ENTERING JUDGMENT AGAINST APPELLANT ON ITS MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT ON THE BASIS THAT THE CASE WAS TERMINATED ON MARCH 24, 2000.
 III. THE TRIAL COURT ERRED IN CASE NO. 00APE-09-992 (THE "SECOND CASE") IN ENTERING SUMMARY JUDGMENT FOR APPELLEE, WATSON.
Impulse Wear's first and second assignments of error will be addressed together, as both raise issues relating to enforcement of the settlement agreement entered into between Impulse Wear and High Impact.
In its first assignment of error, Impulse Wear argues that when the trial court granted High Impact's motion to dismiss based upon the settlement agreement, which was not part of the pleadings, the court converted the motion to dismiss into a motion for summary judgment, and that summary judgment for High Impact was inappropriate, as material issues of fact exist regarding whether High Impact breached the settlement agreement.
It is true that where a trial court considers matters outside the pleadings in ruling on a motion to dismiss made pursuant to Civ.R. 12(B), the motion must be converted into a motion for summary judgment governed by Civ.R. 56. Civ.R. 12(B); Yo-Can, Inc. v. The Yogurt Exchange, Inc. (Dec. 17, 1998), Mahoning App. No. 95 CA 72, unreported. In the present case, however, High Impact's motion to dismiss was not made pursuant to Civ.R. 12(B).
This court has repeatedly held that enforcement of a valid settlement agreement may be sought either by filing an independent action sounding in breach of contract, or, where the original action has not been dismissed, enforcement may be sought by filing, pursuant to Civ.R. 15(E), a supplemental pleading in the original action that sets forth the terms of the alleged settlement agreement and the alleged breach of that agreement. Boster v. C M Services, Inc. (1994), 93 Ohio App.3d 523,525-526; Bolen v. Young (1982), 8 Ohio App.3d 36, 38; Putnam v. Hogan (Feb. 23, 1995), Franklin App. No. 94APE07-1089, unreported.
Here, High Impact's motion to dismiss was in the nature of a supplementary pleading seeking to enforce the settlement agreement. Although High Impact did not seek leave to file its motion to dismiss, as required by Civ.R. 15(E), Impulse Wear never objected to High Impact's filing of the motion or to the trial court effectively treating the motion as a supplementary pleading to enforce the settlement agreement. Consequently, Impulse Wear has waived any error relating to the filing of High Impact's motion to dismiss and we will treat the motion as a supplementary pleading seeking to enforce the settlement agreement.
High Impact's motion to dismiss sought to enforce paragraph three of the settlement agreement, which provides:
 Upon execution of this Agreement, Impulse Wear's counsel will execute the Notice of Dismissal attached hereto as Exhibit B, reflecting dismissal with prejudice of all of plaintiff's claims against High Impact. Immediately thereafter, counsel for High Impact will cause to be filed the executed Notice of Dismissal referred to in the preceding sentence.
Impulse Wear argues that its duty to execute the dismissal entry referred to in paragraph three of the settlement agreement was excused as a result of High Impact's failure to fulfill its duty under the settlement agreement to turn over Impulse Wear's customer list. However, as the trial court concluded "[t]he plain language of the Settlement Agreement does not support Impulse Wear's argument that return of the customer list was a condition precedent to its obligation to dismiss its lawsuit." The only condition which the settlement agreement places upon Impulse Wear's dismissal of its lawsuit is Impulse Wear's execution of the settlement agreement. This lone condition was satisfied on March 24, 2000, when Impulse Wear's president signed the agreement, and Impulse Wear should have executed the dismissal entry at that time. Therefore, the trial court did not err in dismissing Impulse Wear's complaint as a means of enforcing the settlement agreement.
In its second assignment of error, Impulse Wear argues that the trial court erred in denying its motion for leave to file a supplemental complaint to enforce the settlement agreement.
The decision to allow or deny a motion for leave to file a supplemental pleading under Civ.R. 15(E) is within the discretion of the trial court. Developers Three v. Nationwide Ins. Co. (1990), 64 Ohio App.3d 794, 803. A trial court will not be found to have abused its discretion in denying leave to file a supplemental pleading unless the movant can show that prejudice will result from the denial. Id.
Here, the trial court's decision to deny Impulse Wear's motion for leave to file a supplemental complaint seeking rescission of the settlement agreement based upon High Impact's alleged breach of that agreement did not prejudice Impulse Wear. Impulse Wear may still file a separate action seeking precisely the same relief.
However, Impulse Wear asserts that the filing of a separate action would not provide it with the same relief as the filing of a supplemental complaint. Specifically, Impulse Wear contends that given the trial court's dismissal of its original claims with prejudice, the doctrine of res judicata would prevent it from pursuing those claims even if it were to succeed in having the settlement agreement set aside in a separate action. We disagree. In the event that Impulse Wear succeeds in having the settlement agreement rescinded based on High Impact's breach of that agreement, Impulse Wear would be entitled to have the final judgment dismissing its original complaint set aside under Civ.R. 60(B)(3) or (B)(5). See Keeling v. Sheet Metal Workers Int'l. Assn. (C.A.9, 1991),937 F.2d 408, 410 (holding that a breach of a settlement agreement that terminated litigation justifies vacating the court's prior dismissal under Fed.R.Civ.P. 60[B][3]).
Impulse Wear having suffered no prejudice as a result of the trial court's denial of its motion for leave to file a supplemental complaint, we cannot find that the trial court's denial of the motion constituted an abuse of discretion. Impulse Wear's first and second assignments of error are overruled.
Impulse Wear's third assignment of error challenges the trial court's grant of summary judgment for Frank Watson, Jr.
Because Impulse Wear's third assignment of error arises in the context of the trial court's grant of summary judgment pursuant to Civ.R. 56, we must review the trial court's determination independently, and without deference. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704,711. In conducting our review, we apply the same standard as the trial court. Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107.
In accordance with Civ.R. 56, summary judgment may only be granted if, viewing the evidence most strongly in favor of the non-moving party, no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion which is adverse to the non-moving party. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
In challenging the trial court's grant of summary judgment based on the settlement agreement, Impulse Wear has not contested the trial court's conclusion that the terms of the settlement agreement bar its claims against Watson. Instead, Impulse Wear argues that because it was seeking to rescind the settlement agreement in its separate action against High Impact, it was improper for the trial court to consider the settlement agreement in ruling on Watson's motion for summary judgment. We disagree.
The issue of the settlement agreement's enforceability was never before the trial court in Impulse Wear's action against Watson. In responding to Watson's motion for summary judgment, Impulse Wear did not argue that the trial court should postpone its ruling on Watson's motion for summary judgment until the issue of the separation agreement's enforceability, which it was attempting to raise in its separate action against High Impact was resolved, nor did Impulse Wear in any way argue in the second case that the trial court's resolution of that case might be impacted by its resolution of the first case. Because Impulse Wear did not raise the settlement agreement's enforceability in its action against Watson, it has waived the issue and we will not consider it for the first time on appeal. Strawser v. Vulic (June 22, 1993), Franklin App. No. 92AP-1640, unreported.
Because Impulse Wear has failed to raise or waived all possible challenges to the trial court's grant of summary judgment for Watson based on the settlement agreement, the trial court's grant of summary judgment for Watson must be affirmed.
Impulse Wear also challenges the trial court's conclusion that the non-competition clause which it seeks to enforce against Watson is unreasonable. The trial court's conclusion regarding the unreasonableness of the non-competition clause simply provided an alternative basis for the court's grant of summary judgment. Therefore, we need not address this issue given our prior conclusion that the trial court's grant of summary judgment based upon the settlement agreement must be affirmed. Impulse Wear's third assignment of error is overruled.
Having overruled each of Impulse Wear's three assignments of error, the judgments of the trial court are affirmed.
____________________________ McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
TYACK and DESHLER, JJ., concur.