Patsy N. SAKUMA, an individual, Plaintiff–Appellant,

v.

ASSOCIATION OF APARTMENT OWNERS OF the TROPICS AT WAIKELE, an unincorporated association; et al., Defendants–Appellees.

Nos. 07–16396, 07–17189, 07–17298.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008 *.

Filed Jan. 14, 2009.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Patsy N. Sakuma, Los Angeles, CA, for Plaintiff–Appellant.

Marilyn S.H. Naitoh, Esquire, Matsui, Chung, Sumida & Tsuchiyama, Kevin P.H. Sumida, Esquire, Sumida & Tsuchiyama, L.L.C., Nancy J. Youngren, Esquire, Dennis M. Lombardi, Esquire, Case Lombardi & Pettit, Sidney K. Ayabe, Esquire, Calvin E. Young, Esquire, Ayabe, Chong, Nishi-moto Sia & Nakamura, Honolulu, HI, for Defendants–Appellees.

Before: WALLACE, TROTT, and RYMER, Circuit Judges.

## MEMORANDUM **

■ In these consolidated appeals, Patsy N. Sakuma, an attorney, appeals pro se from three post-judgment orders of the district court. In No. 07–16396, Sakuma appeals from a civil contempt order, and we lack jurisdiction over this appeal. In Nos. 07–17189 and 07–17298, Sakuma appeals from orders designating her a vexatious litigant and entering a pre-filing screening order, and denying her motion for relief from a judgment enforcing a settlement in underlying litigation. We have jurisdiction over the appeals in Nos. 07–17189 and 07–17298 under 28 U.S.C. § 1291. We review for an abuse of discretion. *Latshaw v. Trainer Wortham & Co.,* 452 F.3d 1097, 1100 (9th Cir.2006) (denial of a Rule 60(b) motion); *De Long v. Hennessey,* 912 F.2d 1144, 1146 (9th Cir.1990) (vexatious litigant order). We dismiss No. 07–16396 and affirm Nos. 07–17189 and 07–17298.

■ In No. 07–16396, Sakuma complied with the contempt order and the district court never imposed sanctions for contempt. Because relief from the contempt order would not afford Sakuma any remedy, the appeal is moot. *See Davies v. Grossmont Union High Sch. Dist.,* 930 F.2d 1390, 1394 (9th Cir.1991). Conse-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

quently, we dismiss the appeal for lack of jurisdiction.

■ In Nos. 07–17189 and 07–17298, Sakuma contends that the district court failed to afford her notice and an opportunity to be heard before imposing the prefiling screening order. We disagree. The district court afforded Sakuma an opportunity to brief the issue, considered Sakuma's arguments, and thereafter entered findings supporting the screening order. *See De Long,* 912 F.2d at 1147.

In No. 07–17189, Sakuma also appeals from the order denying her motion for relief from judgment. *See* Fed.R.Civ.P. 60(b)(6). Sakuma contends the district court should have afforded relief under Rule 60 based on defendants' alleged breaches of the 2002 settlement agreement. However, the alleged breaches occurred long before Sakuma filed her Rule 60(b)(6) motion. Sakuma should have raised her contention earlier, including in a prior Rule 60 motion that has already been affirmed by this court. This contention is therefore untimely. *See* Fed.R.Civ.P. 60(c)(1). The single breach alleged to have occurred in June 2006 was not a "complete frustration" of the settlement agreement and, therefore, would not justify relief. *Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162,* 937 F.2d 408, 410 (9th Cir.1991).

Sakuma's remaining contentions are unpersuasive.

Sakuma's motion to expedite is denied as moot.

No. 07–16396 **DISMISSED.** Nos. 07–17189 and 07–17298 **AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.