[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15007
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2010
JOHN LEY
CLERK

D.C. Docket No. 06-60521-CV-WPD

ALBERTO ARANGO,

Plaintiff-Appellant,

versus

CITY OF MARGATE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 23, 2010)

Before BARKETT, HULL and COX, Circuit Judges.

PER CURIAM:

Alberto Arango sued the City of Margate ("the City") in Florida state court for violation of his rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. The City removed the case to federal district court. In February 2007, the parties

entered into a settlement agreement ("the Agreement"). Under the Agreement, if certain conditions were met, Arango would receive a preferential promotion within the City's fire department. On the parties' motion and based upon the Agreement, the district court dismissed the case with prejudice on February 28, 2007. (R.1-16.)

On June 23, 2009, Arango filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (R.1-17.) Arango sought an order setting aside the dismissal with prejudice on the ground that, at the time the City entered into the Agreement, it did not intend to promote Arango. Arango argued that the Agreement was illusory and that the City had acted in bad faith in inducing Arango to enter the Agreement. He further argued that the City's bad faith and frustration of the purpose of the Agreement constituted extraordinary circumstances warranting relief under Rule 60(b)(6) and cited *Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162,* 937 F.2d 408 (9th Cir. 1991) in support of that argument. (R.1-17 at 9-10.) As evidence of the City's bad faith, Arango attached a letter dated September 23, 2008 and a transcript of an October 30, 2008 meeting of the City's Civil Service Board. (*Id.*, Exs. A & B.) Arango sought the ability to reinstate his lawsuit under the Act. He did not seek enforcement of the Agreement.

On August 28, 2009, the district court denied the motion on the ground that it had not retained jurisdiction over the Agreement and therefore could not enforce it.

(R.1-23 at 2.) The court stated that, for that reason, relief under Rule 60 was not warranted. (*Id.* at 2-3.)

After review of the record, we find that the district court erred in denying the motion on the ground that it could not order the relief Arango requested. Arango's papers filed in support of his motion acknowledge that the district court did not have jurisdiction to enforce the Agreement and affirmatively state that Arango did not seek that remedy. (R.1-17 at 10-11.) In considering whether the argument and evidence presented by Arango in support of his motion satisfied the Rule 60(b)(6) standard for relief from the judgment, the district court should have made findings as to whether Arango's motion was a timely request for relief as required by Rule 60(c)(1) and whether the evidence Arango presented in support of his motion was sufficient to warrant a finding that extraordinary circumstances exist to justify relief from the judgment under Rule 60(b)(6). *See Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000); *Keeling*, 937 F.2d at 410.

We vacate the district court's August 28, 2009 order and remand the case with instructions that the district court consider Arango's motion for relief from the judgment in the manner discussed above.

VACATED AND REMANDED.