FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



BROWN JORDAN
INTERNATIONAL INC.,
a Florida corporation,

　　　　Plaintiff – Appellee,

　　v.

DALE BOLES, an individual,

　　　　Defendant – Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 09-55259

D.C. No. 2:02-CV-05226-GAF-VBK

**MEMORANDUM**[*]

BROWN JORDAN
INTERNATIONAL INC.,
a Florida corporation,

　　　　Plaintiff – Appellee,

　　v.

DALE BOLES, an individual,

　　　　Defendant – Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 09-55498

D.C. No. 2:02-CV-05226-GAF-VBK

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted April 6, 2010[**]
Pasadena, California

Before:     FERNANDEZ, SILVERMAN, and GRABER, Circuit Judges.

Dale Boles appeals the district court's denial of his motion for attorney's fees. The district court determined that the motion was not timely. We affirm.

Boles' request for fees followed the district court's order denying a motion to reopen that had been filed by Brown Jordan International, Inc. ("BJI"). Review of that order makes it plain that it was a final determination of the motion. It fully adjudicated the issues and evidenced the district court's "'intention that it be the court's final act.'" Casey v. Albertson's Inc., 362 F.3d 1254, 1258 (9th Cir. 2004); see also Ford v. MCI Commc'ns Corp. Health & Welfare Plan, 399 F.3d 1076, 1079–80 (9th Cir. 2005); Beaudry Motor Co. v. Abko Props., Inc., 780 F.2d 751, 754–55 (9th Cir. 1986). In fact, Boles' motion for fees made it plain that he understood that the order was final.[1]

---

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[1]Boles alludes to other possible arguments regarding finality, but he has not developed those on appeal. We will not consider them. See Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929–30 (9th Cir. 2003).

Boles had fourteen days to file his motion for attorney's fees,[2] but he did not file his motion until twenty-seven days after entry of the order. He, however, argues that the time to file his motion had not yet begun to run because no separate document setting forth the denial of the motion to reopen had been filed. See Fed. R. Civ. P. 58(a). In that Boles errs because the order was a denial of a motion for relief from a final order[3] for which no separate document was required.[4] It does not matter that BJI did not mention Rule 60 in its motion to reopen because the label on a motion has little or no significance. See Harvest v. Castro, 531 F.3d 737, 745–46 (9th Cir. 2008); Hasbrouck v. Texaco, Inc., 879 F.2d 632, 635–36 (9th Cir. 1989); Munden v. Ultra-Alaska Assocs., 849 F.2d 383, 386 (9th Cir. 1988). What BJI sought here was a reopening so that it could demonstrate that Boles had repeatedly breached the prior settlement agreement and pursue further claims against him. That could be characterized as a motion for relief from a final judgment. See Fed. R. Civ. P. 60(b)(6); Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162, 937 F.2d 408, 410–11 (9th Cir. 1991); see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378, 114 S. Ct. 1673, 1675, 128 L.

---

[2]See Fed. R. Civ. P. 54(d)(2)(B)(i); see also C.D. Cal. R. 54–12.

[3]See Fed. R. Civ. P. 60(b)(6).

[4]See Fed. R. Civ. P. 58(a)(5).

3

Ed. 2d 391 (1994); Lehman v. United States, 154 F.3d 1010, 1017 (9th Cir. 1998). The district court so characterized the motion to reopen, and, despite Boles' later jeremiads, the terms of the order made it perfectly clear that the district court was deciding a Rule 60(b)(6) motion. Thus, the time to request fees began to run when the order itself was entered, and Boles' motion for fees was not timely.[5]

AFFIRMED.

---

[5]Because the district court did not err in deciding the issue, it did not abuse its discretion when it declined to reconsider. See Phelps v. Alameida, 569 F.3d 1120, 1131–32 (9th Cir. 2009).