NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THE HERMETIC ORDER OF THE
GOLDEN DAWN, INC.,

          Plaintiff-counter-defendant -
Appellee,

 v.

DAVID J. GRIFFIN,

          Defendant-counter-claimant -
Appellant.

No. 08-16904

D.C. No. 3:05-cv-00432-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted October 6, 2010[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: REINHARDT and BERZON, Circuit Judges, and POLLAK, Senior District Judge.[***]

David John Griffin appeals from the district court's order denying his counter-motion to set aside or enforce a settlement agreement entered into with the Hermetic Order of the Golden Dawn, Inc. We affirm.

The district court did not abuse its discretion by denying Griffin's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6).[1] Only "'extraordinary circumstances' justify relief under [Rule 60(b)(6)]." *See Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991) (quoting *United States v. Sparks*, 685 F.2d 1128, 1129 (9th Cir. 1982)). While the repudiation or "complete frustration" of a settlement agreement can constitute grounds to set aside a judgment under Rule 60(b)(6), *see Keeling*, 937 F.2d at 410, Griffin has not demonstrated that such circumstances exist in this case. Instead, there are simply disagreements over the proper interpretation of the terms of the settlement agreement.

---

[***] The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

[1] The district court properly reviewed the magistrate's report and recommendation *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Griffin failed to enunciate a coherent legal argument in his brief to this court as to why the district court's holding that Golden Dawn did not violate any substantive terms of the settlement agreement is incorrect. Griffin has therefore abandoned any such challenge. *See* Fed. R. App. P. 28(a)(9); *Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1182 (9th Cir. 2001) ("Issues raised in a brief which are not supported by argument are deemed abandoned."). To the extent that Griffin raises other issues in his brief, those challenges are waived for the same reason.

**AFFIRMED**.