**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES FREDRICK MENEFIELD,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>JAMES A. YATES, Warden; et al.,<br><br>Defendants - Appellees. | No. 12-17600<br><br>D.C. No. 1:10-cv-02406-MJS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Michael J. Seng, Magistrate Judge, Presiding[**]

Submitted December 17, 2013[***]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

California state prisoner James Fredrick Menefield appeals pro se from the

district court's order denying his Federal Rule of Civil Procedure 60(b)(6) motion

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for relief from a stipulated voluntary dismissal.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion a district court's denial of a Rule 60(b) motion.  *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992).  We affirm.

The district court did not abuse its discretion in denying Menefield's motion for relief because Menefield failed to show that defendants had repudiated their settlement agreement.  *See Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991) ("Repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order."); *see also United Commercial Ins. Serv., Inc.*, 962 F.2d at 856 ("The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally."); *Taylor v. Johnston*, 539 P.2d 425, 137 (Cal. 1975) (discussing the requirements for establishing repudiation under California law).

We reject Menefield's contentions concerning the Prisoners Litigation Reform Act, the district court's purported failure to consider evidence, and its alleged rejection of his sincerely-held religious beliefs.

**AFFIRMED.**