FILED

NOT FOR PUBLICATION

AUG 03 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RODNEY L. PLANT,

              Plaintiff - Appellant,

v.

SPACKMAN, C/O; et al.,

              Defendants - Appellees.

No. 14-35133

D.C. No. 1:10-cv-00278-EJL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

    Rodney L. Plant, a former Idaho state prisoner, appeals pro se from the

district court's order denying his Federal Rule of Civil Procedure 60(b) motion for

relief from the order dismissing his 42 U.S.C. § 1983 action alleging federal and

state law claims arising out of the alleged denial of his right to practice his religion.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006), and we affirm.

The district court did not abuse its discretion by denying Plant's Rule 60(b) motion because Plant failed to prove by clear and convincing evidence that defendants engaged in fraud or other misconduct in connection with the settlement agreement, or establish extraordinary circumstances or any other ground warranting relief from the order of dismissal. *See id.* at 1103 (requirements for obtaining relief under Rule 60(b)(6)); *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (requirements for obtaining relief under Rule 60(b)(3)). While the repudiation or complete frustration of a settlement agreement can constitute grounds to set aside a judgment under Rule 60(b)(6), *see Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162*, 937 F.2d 408, 410-11 (9th Cir. 1991), Plant has not demonstrated that such circumstances exist in this case.

Plant's contentions that the district court erred in not incorporating the terms of the settlement into its order of dismissal, and by ignoring Plant's supplemental pleading, which was filed after the case was dismissed, are meritless.

We do not consider Plant's contentions concerning the district court's order denying his "Motion to Alter, Amend, or Reconsider Memorandum Decision

and Sealed Order" because Plant failed to file a new or amended notice of appeal after the district court issued its ruling.  *See* Fed. R. App. P. 4(a)(4)(B)(ii).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

14-35133