**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MYCHAL ANDRA REED, | No. 19-16449 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00297-AWI-EPG |
| v. | |
| D. MADSEN, Lieutenant; et al., | MEMORANDUM* |
| Defendants-Appellees, | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted September 8, 2020**

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

California state prisoner Mychal Andra Reed appeals pro se from the district

court's order denying his motion to withdraw the voluntary dismissal with

prejudice of his 42 U.S.C. § 1983 action alleging constitutional claims and claims

under the Americans with Disabilities Act.  We have jurisdiction under 28 U.S.C.

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review for an abuse of discretion a district court's denial of a Fed. R. Civ. P. 60(b) motion.  *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992).  We affirm.

The district court did not abuse its discretion in denying Reed's motion under Rule 60(b)(6) because Reed failed to establish extraordinary circumstances warranting relief.  *See Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) (requirements for obtaining relief under Rule 60(b)(6)); *Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991) (explaining that "repudiation, or 'complete frustration,' of the settlement agreement" constitutes an extraordinary circumstance justifying relief under Rule 60(b)(6)).

We do not consider Reed's due process claim because Reed did not replead it in the operative complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (claims dismissed with leave to amend are waived if not repled).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Reed's motion to admit additional evidence (Docket Entry No. 26) is denied.

**AFFIRMED.**

19-16449