NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 6 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID C. THOMPSON, | No. 22-16702 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00670-RCJ-CSD |
| v. | |
| ISIDRO BACA, Warden; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted March 6, 2025**
San Francisco, California

Before: FRIEDLAND, BENNETT, and BADE, Circuit Judges.

Plaintiff David C. Thompson appeals the district court's order denying his

"motion to reset the settlement agreement" with Defendants Isidro Baca, et al. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

1. Defendants, citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994), contend that our court lacks jurisdiction to consider Plaintiff's appeal. Defendants point out that the settlement agreement expressly disclaimed the district court's jurisdiction once the stipulation to dismiss was granted, and that, on August 25, 2022, the district court already granted the parties' stipulation to dismiss with prejudice.

We reject Defendants' argument. In *Kokkonen*, the Supreme Court expressly limited its holding to cases where a party seeks "enforcement of the settlement agreement," and distinguished instances where, as here, a party seeks "reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal." *Id.* at 378. In the latter instances, our court has held that we may exercise jurisdiction where a party seeks relief from dismissal under Federal Rule of Civil Procedure Rule 60(b)(6) on the basis of "extraordinary circumstance[s]." *Keeling v. Sheet Metal Workers Int'l Ass'n, Loc. Union 162*, 937 F.2d 408, 410 (9th Cir. 1991); *In re Hunter*, 66 F.3d 1002, 1006 (9th Cir. 1995). Here, bearing in mind that "[w]e construe liberally the filings and motions of a *pro se* inmate," we interpret Plaintiff's "motion to reset the settlement agreement" as a Rule 60(b)(6) motion for relief from the district court's order dismissing his case with prejudice. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

2

2. We review for abuse of discretion a district court's denial of a Rule 60(b)(6) motion. *Keeling*, 937 F.2d at 410. Plaintiff could be relieved from the order of dismissal under Rule 60(b)(6) only for "extraordinary circumstances." *Id.* (quoting *United States v. Sparks,* 685 F.2d 1128, 1130 (9th Cir. 1982)). Plaintiff argues that such extraordinary circumstances exist because Defendants repudiated the settlement agreement. *See id.* ("Repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order."). But Plaintiff concedes that Defendants complied with the main terms of the agreement by providing Plaintiff with monetary compensation and a meeting with a caseworker. Because Defendants did not repudiate the settlement agreement and Plaintiff does not provide any other extraordinary grounds for relief, the district court did not abuse its discretion in denying Plaintiff's motion for relief.

3. Because the case remains settled and properly dismissed, we do not reach any of Plaintiff's arguments regarding the merits of the litigation or decisions by the district court prior to the settlement.

**AFFIRMED.**[1]

---

[1] Plaintiff's motion for default judgment (Dkt. No. 43), motion to submit an affidavit in support of default judgment (Dkt. No. 35), and motion to supplement the reply to Defendants' response to the motion for default judgment (Dkt. No. 73) are denied as moot because our court has already denied Plaintiff's motion for

default judgment (Dkt. No. 70).  Plaintiff's motion for clarification (Dkt. No. 61) is denied as moot because Plaintiff's motion to proceed in forma pauperis was already denied as moot (Dkt No. 34).