**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAISAKU SUZUKI; KAZUYA OMOTO, | No. 25-499 |
| Plaintiffs - Appellants, | D.C. No. 2:21-cv-01229-KKE |
| v. | |
| MARINEPOLIS USA, INC., an Oregon corporation; MARINEPOLIS CO LTD, a Japanese corporation; MITSUYOSHI INOHARA, an individual; ICHIRO MACHIDA, an individual, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Kymberly K. Evanson, District Judge, Presiding

Submitted February 9, 2026[**]
Seattle, Washington

Before: McKEOWN, PAEZ, and BUMATAY, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiffs-Appellants, Daisaku Suzuki and Kazuya Omoto ("Plaintiffs") appeal the district court's order denying their motion to vacate the dismissal of their lawsuit under Federal Rule of Civil Procedure 60(b) and enforce their settlement agreement with Marinepolis U.S.A. Inc., Marinepolis Co. Ltd., Mitsuyoshi Inohara, and Ichiro Machida (collectively, "Defendants"), after Defendants breached the parties' settlement agreement.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we "review de novo whether subject matter jurisdiction exists." *City of Rialto v. W. Coast Loading Corp.*, 581 F.3d 865, 869 (9th Cir. 2009). We review for abuse of discretion the district court's denial of Plaintiffs' motion to vacate the dismissal order under Federal Rule of Civil Procedure 60(b). *Lemoge v. United States*, 587 F.3d 1188, 1191–92 (9th Cir. 2009). We reverse and remand with directions to grant Plaintiffs' Rule 60(b)(6) motion.

**1.** We agree with the district court that it lacked ancillary jurisdiction to enforce the settlement agreement, because the order of dismissal neither retained jurisdiction nor "incorporat[ed] the terms of the settlement agreement." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994).[1] However, the district court mischaracterized the nature of relief Plaintiffs sought. Plaintiffs'

---

[1]    As in *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995), the district court also lacked an independent jurisdictional basis for enforcing the settlement agreement. 28 U.S.C. § 1332(a); *Kokkonen,* 511 U.S. at 381–82.

motion requested that the district court first vacate the dismissal order under Rule 60(b) and then enforce the settlement agreement.  The district court retained jurisdiction to consider Plaintiffs' Rule 60(b) motion.  Because we ultimately direct the district court to grant Plaintiffs' Rule 60(b)(6) motion, on remand the district court must consider whether it may properly enforce the settlement agreement after vacating the dismissal order.  *See All. for the Wild Rockies v. Petrick,* 68 F.4th 475, 490 n.4 (9th Cir. 2023) (stating that issues not previously resolved are "better left for the district court in the first instance on remand").

**2.**  While Plaintiffs moved to vacate the dismissal order under Rule 60(b)(3) and Rule 60(b)(6), the district court denied Plaintiffs' motion solely on the basis of Rule 60(b)(3).  The district court's failure to consider whether to vacate the dismissal order under Rule 60(b)(6) was legal error.  That is, the district court failed to apply the "correct legal standard" and "to consider the factors relevant to the exercise of its discretion" under Rule 60(b)(6).  *United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1011 (9th Cir. 2013).

We exercise our discretion to "decide the merits of a Rule 60(b) motion in the first instance on appeal," because "all of the facts relevant to our analysis are fully set forth in the record" and "this appeal presents unusual circumstances" warranting timely resolution.  *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir.

2009). We reverse and direct the district court to grant Plaintiffs' Rule 60(b)(6) motion on remand.

"Rule 60(b)(6) is a grand reservoir of equitable power" that "affords courts the discretion and power 'to vacate judgments whenever such action is appropriate to accomplish justice'" where there are "extraordinary circumstances." *Phelps*, 569 F.3d at 1135 (citation omitted).

The circumstances in this case are "sufficiently extraordinary" that we "perceive[]" Defendants' conduct "as bad faith noncompliance" with the settlement agreement and the litigation process, warranting vacatur of the dismissal order under Rule 60(b)(6). *Keeling v. Sheet Metal Workers Intl. Ass'n,* 937 F.2d 408, 410–11 (9th Cir. 1991). Defendants' "specific acts" frustrated the purpose of the settlement agreement and were consistent with an attempt to evade judicial process and their obligations under the agreement. *Id.* at 410–11. For instance, the same day Defendants breached the settlement agreement, their U.S. counsel informed Plaintiffs that he no longer represented Defendants and was not authorized to accept service of process on their behalf, notwithstanding the clause in the settlement agreement establishing his "irrevocabl[e]" authorization to accept such service. Defendants failed to hire replacement counsel. In fact, in this appeal, Defendants did not file an answering brief and altogether declined to participate in these appellate proceedings.

Further, Defendants' conduct is consistent with an attempt to force Plaintiffs to pursue service of process under the Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") of a new breach of contract action. It took Plaintiffs at least nine months to accomplish service of process of this action under the Hague Convention. In turn, Defendants' revocation of counsel's authorization to accept service of process creates a substantial "risk of injustice" to Plaintiffs, who have yet to receive any of the money Defendants agreed to pay them in exchange for dismissing the lawsuit. *Buck v. Davis*, 580 U.S. 100, 123 (2017) (quoting *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988)). For these reasons, we reverse and remand with directions to grant Plaintiffs' Rule 60(b)(6) motion.[2]

**3.** Plaintiffs' request for fees is denied without prejudice. 9th Cir. R. 39–1.6.

**REVERSED AND REMANDED WITH DIRECTIONS TO GRANT PLAINTIFFS' RULE 60(b)(6) MOTION.**

---

[2] In light of our disposition, we need not address Plaintiffs' challenge to the district court's denial of Plaintiffs' Rule 60(b)(3) motion.